Case number 14-3053, United States of America v. Roger Redrick, appellant. Ms. Wright for the appellant, Ms. Bragg for the appellee. Good morning. May it please the Court, Lisa Wright representing Roger Redrick. I'd like to reserve three minutes for rebuttal. Mr. Redrick's 15-1⁄2-year ACCA sentence must be vacated in light of the intervening Supreme Court decision in Johnson v. United States. The ACCA residual clause is now plainly unconstitutional, and Mr. Redrick does not otherwise have three qualifying priors, meaning that his maximum penalty authorized by Congress is 10 years. In light of Johnson, Mr. Redrick's prior drug conviction is his only qualifying predicate. Neither Maryland robbery of a dangerous weapon nor D.C. armed robbery is an enumerated offense under ACCA, nor does it qualify under the violent felony provision because it does not have, under the element of force clause, because in the words of the statute, it has no, it does not have as an element the use, attempted use, or threatened use of physical force against the person of another, the physical force having been defined as strong physical force, violent force. Can I just ask a conceptual question to get us started in terms of framework, which is that you don't take issue with the proposition that if the Maryland robbery offenses do qualify under a non-residual clause part of ACCA, then plain error review would apply, and we would find that the error was not plain. I think we would find probably that it was not prejudiced under the plain error standard. Okay, so it all turns, and the way you're conceiving of the case, the sustainability of the conviction does turn on whether we think that the Maryland priors qualify under the non-residual clause parts of ACCA. That's right, categorically qualify, right. That's right, and as I said, Curtis Johnson defines violent force in a not minimalist way. So there's the Maryland, you know, RDW statute on the D.C. armed robbery, and as Your Honor is saying, the Maryland, you know, really does control. And as to that crime, the analysis is really quite simple. Because Maryland itself defines robbery with a dangerous weapon as just a means, one means of committing the indivisible crime of common law robbery in Maryland, and common law robbery in Maryland does not have as an element physical force against a person or another, under Mathis and the Maryland law, there is Maryland law says it is simply a triggering, aggravating fact, not just a means. And Maryland has said that over and over again. Well, there are some Maryland cases to the contrary, aren't there? I don't think so. All the cases say that there's only one crime, one substantive crime of robbery, and that there are not two crimes, and that the two statutes that Mr. Rederick was convicted of at the time, there was 46 and 48, neither of those statutes creates any offense, let alone two offenses. They simply fix the penalties for the one crime of robbery, and that if you have the aggravating fact of a deadly weapon, then you are subject to a greater penalty. If, in fact, Maryland described the crime as a weapon part, only an enhancement, yet nevertheless treated the weapon aspect of the crime always as an element, would then the convictions qualify under the federal statutes? No, because what Maryland says controls, and Mathis makes that clear, and you can opt, I think, if you have it like, for example, pre-apprendi, I believe the U.S. Attorney's Office in this jurisdiction used to charge, they opted to charge the drug quantity in the indictment. That didn't make it anything other than a sentencing enhancement, and I'm sure there were places in courtrooms where the judge said, you know, I know this is a sentence. I think you're challenging the factual aspect of my hypothetical. Suppose Maryland had always treated the weapon aspect as if it was an element, although the court said it was an enhancement. Well, I guess I'm saying that you can have a customer believe it's the better practice to submit something to the jury, and that doesn't mean that you think it's an element, that Maryland thinks it's an element, and they've said it's not an element. They've said it's a sentencing factor, and you can submit an aggravating fact to the jury without converting it into an element. Maryland law, Maryland decides what it encompasses. Well, now the attorney matter more in your favor. Is it at all clear to us that Maryland did put the sentence, put the weapon issue to the jury? I don't think it is. I don't think it is. There's a pattern jury instruction, but that doesn't mean anything. That's a jury instruction that who developed? I imagine a committee. I think it's called. It was a bunch of lawyers. There's nothing indicating that a judge ever bought it. I think it's called something that suggests it. I think it's got a title that suggests it. No, no, I read it. There's no, I can't find any indication that any judge in Maryland accepted that. Right, and interestingly, I mean, even the pattern instruction that they suggest, hey, let's put this back to the jury, it says if you're going to do robbery with a dangerous weapon, then you must find all the elements of robbery. And then it says you must also prove the defendant committed. It doesn't call it an element. And in the commentary to this instruction, it actually says that robbery with a dangerous weapon is not a separate offense. So it doesn't even seem to be saying, you know. Suppose it's confusing as to whether or not Maryland treated the dangerous weapon as an element of the crime or not. Do you lose under the clear errors test? No, because I think what has to be plain is the Johnson error. When we're talking about the... I'm sorry, plain error. Yeah, when we're talking about the force clause, we're just trying to determine if there's been harm from that. Did you follow my question? I think so. So it's uncertain. Yeah. Why don't you lose under plain error? Because I, well, I don't think... I guess that comes down to the question of the burden under plain error. Exactly. Which is on you. But as a legal matter, I mean, I don't know how much more clear it could be, to be honest. Maryland said it literally in every case, and they even used the word means in the Darby case. Right, but I think the fact that they used the word means... In other words, it could be a purely semantic descriptor. They could describe it as a means, but then the way they treat it is actually as an element. And when I say treat it as an element, and I think what Judge Silberman meant when he says treat it as an element, is as an element as we conceive of it as a matter of federal constitutional law. In other words, it's submitted to the jury for proof beyond a reasonable doubt and is a precondition to enhancement of the penalty. And if it does that, the fact that it calls it a means wouldn't matter because it would be functioning as an element for federal law purposes. I don't think we know that it is submitted to the jury. So then the question becomes, suppose we don't know, and we can ask a couple questions about that, but if we don't know, then under plain error, as I understand plain error, the burden is on you to show that the error is plain or obvious. And if it's unclear, then that's not typically a case where we would say the error is plain. Or am I missing something? Well, I think I've met the burden by pointing to the Maryland law. I think to say, well, this could be semantics, is undermining the facial applicability of these statements from the state of Maryland, which Mathis Court says we have to respect and defer to, that they define their own common law. So I'm looking at the Supreme Court's language in Henderson about plain error. It says the rule's requirement that an error be plain means that lower court decisions that are questionable but not plainly wrong fall outside the rule's scope. And it sounds like if it's not clear whether Maryland treated the weapons part of it as an element, that sounds to me like it's questionable, in which event it would fall outside the rule under the Supreme Court's direction. Well, I think Henderson, though, is talking about the error has to be plain, and we have met that. I think we're only talking about, as he's shown, prejudice. And I would point out under Sero, under Sero, the prejudice on a sentencing error is much less demanding than on a normal. So can I just ask you a question about that? Because I think the question of whether we're talking about the error being plain or the question of whether we're talking about prejudice depends on how we define the error. And if the error is the application of ACCA, right, because I think your argument would be it was erroneous to apply ACCA because we now know from Johnson that the residual clause can't be a basis for applying ACCA. But if the error is the applicability of ACCA, then ACCA might still correctly apply if the Maryland convictions qualify under non-residual clause parts of ACCA. You've agreed to that proposition, have you agreed? That it would still, that he would still qualify, that he would not be harmed by the error. I view the error on its own. No, no, no, no. I think if I understood Judge Srinivasan, he's simply getting you to agree that if the Maryland convictions qualify, it doesn't matter that the residual clause was implicated. It wouldn't matter. It doesn't matter to the outcome. Right. Okay. So everything turns on the Maryland convictions. Right. What I was going to say about... And just to be, sorry, just to add a little bit, which is that I think as I understood it, it doesn't matter for purposes of whether there's been an error. I understand what you're saying is that we ought to kick it down to prejudice, so to the latter two prongs of plain error. But I'm focused on the first two prongs of plain error, whether there's been an error that's plain. And if you define the possible error as the application of ACCA, which is sort of how I came into this thinking about this, but you might be able to convince me that that's wrong, then the applicability of ACCA wouldn't be plain error if the Maryland convictions allow for applicability of ACCA because they come in under a non-residual clause part of ACCA. I understand your question, I think. And I would point the Court to McBride, the Sixth Circuit case that I think we cited last week, because there they defined it as, you know, the claim I'm making is that the only way I qualify is under the residual clause, and that's plainly changed. So that would definitely be true if we had a case in which it was true that everybody understood ACCA applied because of the residual clause, then of course there's plain error, because the only way you get under ACCA is by a clause that the Supreme Court has deemed to be unconstitutional. But if there's another basis to get under ACCA, then I guess the way it seems like one would conceive of it is whether there's been plain error in the sense of whether it was plainly erroneous to apply ACCA, given that there's other bases on which ACCA might apply. Well, let me say this. I mean, I think we presume that the District Court applied the law correctly, and applying the law correctly at the time, the Court would have found him liable under the residual clause, but not under the force clause. And so, therefore, that's the error. That's the error. He found him liable, and he's presumed to have found him liable under the force clause. I don't understand that at all. I don't understand that at all. We don't, even if the District Judge had explicitly relied on the residual clause, and the three Maryland convictions were indisputably covered under the force clause, there would not be error. There would not be error, but it would be because there was no harm, not because there was no plain error. Not because the error isn't obvious. I don't agree with you. I don't see that at all. If the District Judge presses a button that is the wrong button, but there's the right button there as a matter of law, there's not an error. Do you see what I mean? He hit the wrong button, but when we go up on appeal, do you know at that point it would be up to us to decide whether there was a legal basis. Well, I agree that we would lose the plain error standard. Counsel, that's getting you away from your major argument, which is the Maryland convictions don't qualify. That's right. And so even if, I'll say even if, this is not just a means, but it's been treated as an element or it is an element, Maryland RDW statute still does not meet the standard of having as an element the use, attempted use or threatened use of force, physical force against a person or another. And there's two reasons for that. One, Maryland law does not require that the force be used against a person, but it encompasses property as well. And two, the physical force that's required by the state of Maryland is a de minimis, unlawful touching no matter how slight, and that does not meet the level that the Supreme Court set out in the Curtis-Johnson case of strong physical force. And so for both of those reasons, Maryland can't, Maryland robbery with a dangerous weapon, even if it is its own separate crime, contrary to what Maryland has always said. And remembering, again, that my client was convicted pre-apprendi. So why is apprendi irrelevant? Just explain your argument there. Well, there's an argument, although I don't concede it, that after apprendi then the sentencing factor has to be an element, that federal law makes it an element. But before apprendi, Maryland was free to treat it as a non-element, and that was at the time that he was convicted of robbery with a dangerous weapon. It was definitely a sentencing enhancement. And any judge could have said, well, I know there's this pattern during instruction, but that's a sentencing enhancement for me to decide. I'm not going to give it. But I guess the government's argument,  which I believe is that under DeCamps and Taylor, that this is a matter of what is an element is a matter of federal law. And all we care about is what the statute says. It doesn't matter what he was actually convicted of. As far as what facts were found by the jury, we don't have to look at the plea agreement or the verdict form or the indictment or the evidence or anything else. And so in that sense, we know today that federal law means element includes anything that does increase the maximum sentence, and here the RDW statute does that. So that's all we care about as of now. It doesn't really matter if it wasn't treated that way at the time of the conviction. But, I mean, it's almost like there's two – it's like the statute has changed and he was convicted under the old version, not the new version. So you're looking – I agree that you look only at the statute, but you have to look at the statute as it existed at the time he was convicted of it. So he was – if that's true that Apprenti changed the law, then he was convicted under truly a different, you know, RDW. Isn't your answer that Congress acted pre-Apprenti, and so the question is what the statute intended? And your argument, which I understood, was Apprenti's irrelevant in determining what the law was at the time that Congress passed the statute. I guess I'm saying Apprenti is irrelevant to the Maryland elements that we – I understand your argument, because what is before us is the interpretation of the federal statute, and Apprenti comes out way after, and you can't go back and use Apprenti to interpret the federal statute that was passed long before Apprenti. That's your argument, basically. Have I understood it? I mean, I was thinking of Apprenti more as how it bears on the elements, because what we really are doing is looking at the – comparing the elements of the Maryland – I thought mine was a softball question. I know. I'm sorry. I can tell that, and I'm sorry. I'm – I think I am confused. I'm sorry. But it is – you look at a mismatch of the elements. But I understand what you're saying, that Apprenti was passed – I mean, it came out after ACCA was passed. That is definitely correct. I think there is a constitutional question concerning the prior Maryland convictions, but it's not based on Apprenti. But anyway, I'll save that for the Governor. On the prior Maryland convictions, you have three arguments as to why those don't count. One is that Maryland didn't treat it as an element. Two is that it didn't involve the requisite physical force. And three is that it didn't involve the requisite physical force against a person, right? So as to all three of those, I guess I come back to this question, which is that if it's questionable, if it's not clear whether you're right on all those, it may not be clear that you're wrong. But if it's not clear that you're right, where are we? Because under plain error review, the question would be, was it plainly erroneous to apply ACCA? And although it may not be obvious that the Maryland offenses do count, if it's not obvious that the Maryland offenses don't count, then it seems like plain error would say that there's not been a plain error in applying ACCA. I don't think the obviousness qualifies the harm. It only qualifies the error itself. And actually, in the sentencing context, I really think that's... But we're just getting back to how you defined the error then. And if I think of the error as the application of ACCA, then even if you're right that obviousness qualifies the error, meaning the application of ACCA, then that's exactly what I'm asking you is it's not obvious that errors, that ACCA is erroneously applied because the Maryland offenses don't obviously fall outside the... So you define the error in that way. But even then, I mean, I think it is obvious because the Maryland courts have said it applies to force against property. How much more of an obvious mismatch could there be when ACCA says persons and Maryland common law robbery says property? But those statements, that statement didn't matter in either of those cases, right? Because I don't think either of those cases is in fact involved. As I recall, there were two of those cases, and I don't think either of them in fact involved the use of force against property. I think that that is correct, but I think I would point the court to Aparicio Soria, which was the Maryland resisting arrest case, and that was also dicta, and the court totally relied on that even though it defined no other case. They just said, look, when a state says it, that's it. And, you know, we also have the Supreme Court in Johnson very clearly defining the element of force differently than Maryland has so clearly said over and over any unlawful touching no matter how slight. So I just think there's an obvious mismatch even if that's how you define the error. And again... And how do you define the error? What's the alternate universe from the way that I'm looking at it? Well, the error is that the judge, we presume the judge followed the law and he held him responsible under the residual clause, and that was obvious error in light of the intervening decision. And it just seems to me the difficulty with that, if that's the way in which one needs to conceive of error in order to see the case the way that you're seeing it, the difficulty with that is we just don't know why ACCA was applied because there's nothing in the record as to the predicate for ACCA, unlike a case in which there's a sentencing transcript and one can see that, okay, and the probation report and everything that says ACCA was applied because of the residual clause. You may well be right that as a realpolitik matter, what was going on on the ground all the time is that ACCA was being applied because of the residual clause. But when we look at the record that we have before us, we don't know that that happened. I would point the court to Sheffield on that, actually. I believe Sheffield has a similar situation with the attempted robbery, and they say we can't tell, and they nevertheless rule for the defendant. Well, counsel, I'm still puzzled about that. Suppose the district judge had explicitly relied on the residual clause, and nevertheless there were three Maryland convictions which clearly complied with the federal statute. Would there be error? There would be error, but there would be no harm. And we might not appeal that. There would be a mistake. There wouldn't be an error. Right? It wouldn't be an error because the judge pushed button A, but as a matter of law, he had to look at B, too, and B was available. Well, I don't think he has to look at B, actually. Well, in other words, let me put it both. When the question is before us, either button would satisfy. So I don't see that it would be error, even if the district judge had explicitly relied on the residual clause, if the Maryland convictions would satisfy. I don't think that's the way courts are looking at this. I can try to submit something on that. Wouldn't it be like an abuse of discretion if the trial court has a discretionary ruling to make and the judge relies on grounds A, and it turns out that ground A is legally erroneous, but the judge could have relied upon ground B? Wouldn't it be, well, maybe it was an abuse of discretion because relying upon something that's a mistake as a matter of law doesn't give us, per se, an abuse of discretion, the way that appellate courts look at it. But it's harmless. But typically we don't do that. Typically if there is an abuse of discretion, we send it back. That's correct. And I mean, especially in the sentencing context, the burden on us is so much less than in a trial case. And, in fact, it's sort of like a reasonable likelihood we're trying to get the correct result here. I think Sarah is very strong on that. So I think all of that makes some sense, except if, as you have, bought into the notion that plain error applies, then what we're talking about is a situation in which an objection should have been raised but wasn't. Now, I get that the law was not in your favor at the time, but Henderson tells us that the way we conceive of the universe now is that as if an objection should have been raised but wasn't, therefore the burden is on you to show plain error. And I think the point Judge Silverman is making is if the error is the application of ACCA, then it seems right that even if the district judge did rely on the residual clause, there wasn't an error with respect to the application of ACCA because there was other bases for applying ACCA that turned out to be, by hypothesis, indisputably correct. Well, I do agree that if he qualifies under the Maryland RDW statute, I was actually thinking, sort of rethinking, in some cases I was reading, that because of this intervening change, it's possible that plain error is not the test because this has been such a dramatic reversal and that it's in the category of total futility, I guess is the word. When you get to that point, what are we to make of the fact that the plea explicitly held open the question of a challenge to a sentence which is illegal? I mean, that's why we can definitely... It's sort of puzzling why it's plain error on that. When you leave that issue open, it almost looks like that goes up to the Court of Appeals de novo. Yeah, I mean, it's clear... So I understand why you're puzzled by even why plain error applies. And I think Justice Breyer wants further opinion, which is puzzled about that, too. That may be something that I am taking back. I see that if the carve-out was for a Johnson type of claim. But for a blanket carve-out for any illegal sentence, it would be quite a different view of the law than what I understand to be the state of the law now, that by carving out an ability to challenge an illegal sentence, period, which means anything, any case that might come along on any issue that has to do with an illegal sentence, that you've somehow overcome plain error as if you made an objection to every conceivable illegal sentence. I think that it would be limited to this notion, like reading McBride is what got me thinking about this, because McBride is saying you can't relinquish something that didn't exist. And I'm starting to think, well, how can you forfeit something that doesn't exist? Because the law was foreclosed against you. So I... But forfeiture just gets you to plain error. Right, but I don't have this problem that we're discussing. You're really suggesting it's plain error plus? Yes. I understand. No other questions? Thank you. Apropos of that point, counsel, you would agree that if the district judge had explicitly relied on the residual clause, you would concede at this point that it was plain error? Absolutely. Absolutely. Absolutely. I mean, well... No. No, no, no. I'm sorry. If the court... That's a... I misunderstood what you said. I take it back. Let's rewrite. Well, I thought you said this in your brief. Huh? No. No. My point was, perhaps I'm misunderstanding the question. If the district judge had explicitly relied on the residual clause, which Johnson concluded is unconstitutional, you would agree that was plain error? No. I would not because... You would not? I would not because there's other ways to get there. There's other buttons to push. Here, the court... The question is, did he wrongly apply HACCP? I thought in your brief you suggested that, that if he had relied on the residual clause, it would have been plain error. Now, I think you've taken that position in other courts. I think... Haven't you? I think... By you, I mean the Justice Department. Yeah, I think... You had this ancient view that there's only one Justice Department. Yeah, and I've been with that one Justice Department for a while. That's going to come up later. I think the point... That may have been... I'm trying to remember whether that was something that we raised in our waiver argument. But one thing I wanted to make clear from the beginning was that the government has absolutely no interest in the defendant and the appellant serving an illegal sentence. And that's why that provision is in all plea agreements. But if the sentence was not illegal, then he should be held to the benefit from us and obligations of his bargain because the government gave up a lot in reliance on that HACCP concession. No, but if I was correct in reading your brief, and if you haven't withdrawn that position, or it was as you initially stated it, that if the district judge had explicitly relied on the residual clause, we wouldn't be here. You would agree that it was plain error. We wouldn't be even here on appeal. As a policy matter, the Justice Department has taken the position that if we conclude that there was an illegal application of the law, we won't erect procedural barriers. And that is true. If the district judge explicitly relies on the unconstitutional residual clause, you won't contest it. That's true. Okay, so you've agreed with my initial point. All right, then. If that's true, then it certainly follows that if the district judge relies on Maryland convictions and they are not qualified under ACCA, then that also would be a case in which you would concede it was plain error. That's true. Okay, so then the question comes, what about these Maryland convictions, right? That all turns down. Why isn't it almost de novo in front of us as a legal matter? That goes to the question that both Judge Srinivasan and I have been worried about. It was when it's a little unclear as to what Maryland did. Now, your argument in the brief was Maryland required proof that a defendant used a deadly weapon. Is that your position? Yes. But the problem with that is in nowhere is there a shred of indication that that issue went to a jury. Isn't that correct? No. Where do you find that? With respect to the statute or with respect to this particular conviction? I can't find anything in Maryland in the cases or the statute which indicates the question of whether or not a robber used a deadly weapon. The deadly weapon aspect went to the jury. All of the cases that were cited by appellant and where language was plucked out saying robbery. No, no, no. I'm asking you. Where do you find any indication that that issue went to the jury? Well, it's undisputed that that's the way. I understand the question, but just as a couple of foundational matters, it's undisputed that it was charged that way in Maryland and it's undisputed. That's not what I'm asking. Where did it go to the jury? Where do you find evidence anywhere? That issue, the issue of the use of a deadly weapon, went to a jury. I think it can be inferred from all of the Maryland cases. No, I can't. Where can it be inferred? In the Brooks case, for example, in which the question was the sufficiency of the evidence of the armed element. And when the challenge was to the armed element that a toy pistol wasn't sufficient to satisfy that element, and the court concluded, agreed with the defense, and the court concluded that the defendant could not be convicted of robbery with a deadly weapon, only with robbery. But that still doesn't answer the question whether the deadly weapon issue went to the jury. Now, the reason that is relevant, is it not, is if it never went to the jury, it could not have been an element, right? No, I don't think that the Supreme Court would say that. If you look under Mathis. Ah, that's crucial. Here we are. You're saying that under Maryland law, it would have been perfectly constitutional for the deadly weapon to be an element of the crime and yet not go to the jury. No, I'm not saying that. You just did. Except in a plea situation. My point was that in Mathis... Could the deadly weapon portion of the allegation be, could someone be convicted without that issue going to the jury? No, not under Apprendi. No, forget Apprendi. I can't. No, no. Apprendi didn't establish this proposition. This proposition goes back to the time I was in law school, which is, memory of man runneth not to the contrary. An element of a crime must go to a jury as a matter of constitutional law. Exactly. Way before Apprendi, right? Exactly. So if we do not know whether the question of the use of a weapon went to the jury in Maryland, we can't possibly know whether it's an element of the crime for federal purposes. I think we can know that it went to the jury in the usual course because robbery and robbery with a deadly weapon are charged separately. They're separate and greater penalties for RDW and... But that could be true as in a sentencing enhancement. It could be and it could have been, but there is absolutely no... So you want somebody to go to jail for another five years based on a guess. No, there's absolutely no indication that it was a sentencing enhancement and applied later. What do you mean? The Supreme Court said it was a sentencing enhancement. In these cases, in all of these cases that we've cited from Maryland, the deadly weapon was charged and the defendant was convicted of that and the challenge, in fact, the challenge in those cases was to the very existence of the crime RDW or armed robbery. All of those cases, the challenge wasn't do they have to prove this to the jury or not. The challenge was because this heightened, aggravated crime is a... It grows out of the common law and is not specifically spelled out other than as a penalty in the statute. The argument that the defendants made in those cases was this is not a crime. This is not a crime that exists. Can I ask you a question, which is along these lines, which is... First of all, I take it that there's the pattern jury instructions, which I understand there's issues with who develops pattern jury instructions, but the fact that it's in a pattern jury instruction... They just took this to the state. ...would be one indication that it might have gone to a jury, but I guess the question is what is your view on what we should do on a plain error review if it's unclear whether it went to a jury? So under Apprendi, in order to be an element for federal purposes, the fact should have gone to a jury. If not, whatever Maryland called it, it doesn't qualify as an offense for federal constitutional purposes. It can't be a basis on which to enhance the sentence. But if it's unclear whether, as a matter of historical record, this issue went to the jury under Maryland law, where does that leave the government under plain error review? Well, let me start my answer with obviously we know I disagree that it's unclear, that it didn't go to the jury in general. Do you know of any case that makes clear that it did go to a jury? I haven't heard you describe one in response to Joe Silverman's question. Well, I guess I infer that from the sufficiency cases. Those are your best cases? Yes, absolutely. I mean, it's charged with that. So let's just hypothesize that that's, as you say, an inference. And let's just say that I put that in the zone of at least unclarity. It's possible. So if we're in the zone where we think it might well have gone to a jury but we can't know for sure, where does that leave you, the government, vis-à-vis plain error review? Well, on plain error review, of course, the burden is on the appellant. And I think here there's no suggestion. There's nothing on which this Court could conclude that there was error, let alone that the error was plain. There's no – I don't think it matters whether the Court specifically said residual clause or not. But just so the record's clear, there's no indication that that was said here. And, in fact, it's more likely that the force clause or the elements clause was in the Court's mind because that's what armed robbery has been analyzed. Let me just pursue the point that both Judge Srinivasan and I are concerned about. You may have slightly different positions, views on this, but let me just pursue this. Plain error, strangely enough, depends on the way it appears to the court of appeals, not the district judge. We could say in this case there's plain error without any criticism of the district judge because the law is different by the time it comes to us. Now, I'm thinking that the case before us is a situation where a defendant would be hit with five more years because of alleged prior convictions in Maryland that qualify under the federal statute. And it's uncertain. We have no idea whether those convictions work under the federal statute or not. Now, I think it's monstrous to impose that sentence on a defendant without having any clear idea of whether those Maryland convictions qualify or not. And that would seem to me it would be plain error now to do that because we don't, in a situation where it's absolutely uncertain, generally we don't hold a defendant liable for commission of a crime. Lenity itself comes into play there. But the way that the plain error doctrine has evolved, and this puts me in mind of years and years ago, there used to be something called the supervening authority doctrine. And that would, if there was supervening authority between the time at which the court had applied the law and later, that was a particular case. Right, so now, the way the plain error law has evolved, jurisprudence has evolved, we look at whether it was plain now. And by doing that... If this case were before me as a district judge now, I would absolutely reject the notion that the Maryland convictions qualify under the federal statute. No question. Because nobody can establish to me that the issue of the weapon went to a jury. Therefore, it could not be an element of the crime under federal law, under federal constitutional law. But Mathis instructs us to... I don't think any of the Supreme Court cases that have examined elements, elements versus means, or as the categorical approach was developed over the recent history, I don't think any of those courts have looked for absolute proof that a given element went to a jury. The court looks at what's the definition of an element... No, no, no, counsel. If Maryland said this is a crime in which it has two elements, robbery and deadly weapon, but the deadly weapon point can go to the judge, we couldn't possibly regard that as a crime qualifying under the federal statute because it would have been unconstitutional. I agree with that. And you can't hit a defendant with an increased sentence based on unconstitutional convictions. I agree with that entirely. But the point is that courts like this one and the Supreme Court, when analyzing those statutes, don't... They apply judgments about what happens in the usual case, and they look to things like... When instructed, you look to things like jury instructions and the statute itself and the structure of that law in that context. And if you do that, if you look at those things... Jury instructions, do you have a case involving jury instructions? All you have is jury instructions made up by lawyers. With that 10 cents, it gets you on a trolley car. But it also suggests that it's an issue that goes to the jury. I understand that it doesn't have to. Maybe it didn't have to. And there were times, especially here in this jurisdiction in D.C. years ago, when things didn't go to the jury that we now know should have gone to the jury and do go to the jury now. I understand that point. It's got nothing to do with Apprendi. This has got to do with constitutional law going way back. It seems to me the question is, what has the Supreme Court told us about how we apply plain error review? Because I think part of what makes this situation seem very difficult, even potentially monstrous, is that we're necessarily in a situation in which the error was not evident to anybody at trial. It just wasn't there until Johnson comes along a lot later. So it seems odd to conceive of this to be a plain error situation at all because there wasn't even an error at that time, let alone a plain one. But we know from Henderson and Johnson that even though the error only becomes manifest on appeal because of an intervening decision, we're still supposed to, per Supreme Court direction, treat this as a plain error case, i.e. as a case in which the defendant, by hypothesis, should have raised an objection that everybody knew would go nowhere. And if we're in that situation where we're in this kind of almost fictional world where the defendant was under the burden of needing to raise an objection that we knew at that time would have gone nowhere, then we're just kind of bought into this notion that plain error review applies. And in a normal situation where a defendant fails to raise an objection that the defendant is supposed to raise, plain error is harsh. And so we're kind of in this conundrum because we're supposed to apply a harsh standard in a situation in which the occasion for the standard to apply doesn't seem necessarily deserving of a harsh result because everybody understands that the objection would have gone nowhere. But the corollary of that rule that we now treat it as plain error is that the defendant now gets the benefit of the improved legal landscape. So that is the tradeoff, and that's the tradeoff that the Court has determined over the years as they weigh the function of the plain error standard. And I think that that makes, given the way plain error jurisprudence has developed, it makes perfect sense. You can look at it the other side and say, why should they get the benefit of the law now when the Court was deciding given the landscape then? So is it your understanding of the way plain error applies now that if the law, if Maryland law was ambiguous, that inures to the government's benefit, even though I think we all appreciate that the consequences of that are substantial. But if Maryland law was ambiguous on whether the fact of the weapon went to the jury, then the error in applying ACCA was not plain, and the government gets the benefit of that. Is that your understanding? Because when I asked you that before... Well, when I think about it, I guess when I'm thinking about the error, I'm thinking about the error being the application of the way that the statute is... The application of what? Of... Well, I think we're on the same page on that. The... I'm not sure what page I'm on, but I'm trying to understand. I'm trying to understand from you what page the government's on. Because if the error in your view is the application of ACCA, then it's possible that there wasn't plain error because the Maryland offenses make the application of ACCA not plainly erroneous. And then the question would be, well, is that true if Maryland law was ambiguous on whether what we will call the element went to the jury? Well, I think that's the plain and obvious part, honestly. You see, but the problem that bothers me is normally when we look at criminal law and we ask the question whether the law was reasonably clear to the defendant, and if the law was not clear to the defendant, we, as a matter of many years of jurisprudence, we conclude that the defendant can't be convicted. So here we have a situation where it's quite unclear what Maryland law was. Arguably, at least, if it's very unclear what Maryland law was, it is plain error to stick the defendant with the enhancement. Well, I guess the way I... You see the way it can be phrased that way? I do see how it can be phrased that way. I think that the error, the clear error is, and the lack of clarity, is that there were no cases. There were no cases at the time this decision was made by the district court, and there are no cases today saying that Maryland robbery with a deadly weapon is not ACCA-eligible. So there's no case law telling the court that the court, then or now, that the court did the wrong thing. Yes, strange situation where somebody goes to jail for five years more than he might have because we don't know. Well, it certainly is intuitive. I mean, I'm not sure. I think it's important to take a step back and look at the big picture. That's what I was thinking. The more steps back I get, the more it seems like injustice. Well, I think it's important to remember the purposes of the Armed Career Criminal Act, and I think it's important to remember the Supreme Court's recent rules, that idea that, and this doesn't go to whether it went to the jury or not, but to some of the arguments that Helen has made, that fanciful hypotheticals are not sufficient. There has to be kind of a realistic possibility, probability, not a mere theoretical possibility, that the statute could be applied in an unconstitutional way. Let me go back there for a moment. Well, go ahead. One more question. One thought, one thing that troubled me is you have a footnote in your brief saying you don't concede that plain robbery wouldn't be a violent felony, yet the Justice Department has conceded exactly that point in the Fourth Circuit. How the devil can you take a different position in this circuit than you've taken in the Fourth Circuit? It's not as clear as that, Your Honor, I have to say. In the Fourth Circuit, there are cases in which the government has not conceded that as well. Oh, so you're taking inconsistent positions in the Fourth Circuit. Apparently. I just learned this last week. Given my biography, this is rather offensive to me. Well, no. The government, we're trying very hard to work as a whole, as one department. That's nice to hear. And we're getting, we and the U.S. Attorney's Office here in D.C. are obviously getting guidance from Maine Justice about how to approach this. But as the Court knows, this has been a rapidly evolving area of the law, and in the cases that were cited as the government having made concessions, those cases are distinguishable. The government's concession was a matter of law, not related to facts. So I just wanted to suggest that it was a little troubling to have you drop a footnote saying you're not necessarily agreeing with your own justice. Well, the guidance from our Justice Department is to Is it as confusing as the Maryland law? Way more confusing. The Maryland law is very clear. The Maryland law, I think the Maryland law makes it clear that the armed version of the event is a felony. Let me ask you some questions about that. So let's suppose in Bethesda, Maryland, someone's having a fancy dinner party, and a person walks past with a baseball bat and sees lots of nice cars parked outside and yells into the house, throw money out here or else I'm going to start bashing in the headlights and taillights and windows of all these Mercedeses and BMWs and et cetera that are out here. And the people inside decide to throw their wallets and purses and whatnot outside through the window. And the offender picks up all those wallets and purses and runs off. Is that a Maryland robbery RDW? I think it is, and I think it would qualify as an under ACCA because to the extent it doesn't meet the generic requirements of robbery, it would meet the generic requirements of extortion, which is an enumerated offense. Okay, so do you concede that it doesn't meet the requirements of robbery? Of robbery? I'm sorry, of the force, the elements clause. I'm not quite ready to concede that a lack of Then explain how it does meet those elements. It meets those elements because the analysis that the Supreme Court has told us to engage in is to look at the reasonable, you know, we can posit all kinds of creative hypotheticals. And the point is to, there has to be an obligation to point to a case in which something like that actually happened, in which the statute actually was applied that way. But I'll assume for a minute, you know, obviously that that hypothetical did occur. For the application of ACCA, we look to federal law and what are the federal definitions. It doesn't matter what Maryland would call that RDW, Maryland robbery with a dangerous weapon, or whether it would call it extortion. We look at whether those meet the elements under the federal standards and under those standards that that would apply. But I think, you know, I think it's important to remember that it is, in general, hard to posit ways in which an armed robbery is conducted without threatening the person or without threatening bodily injury. And we haven't discussed the other methods that the appellant has posited as ways that it could happen, you know, poison or so on. But I think in their standard armed robbery, it's pretty unlikely to imagine someone, say, pointing and having a gun, wanting money from somebody, and threatening to shoot a car as opposed to the person. And perhaps that's why we don't see cases like that. I'm not saying it couldn't happen. It's conceivable. The statute says, Section 488 at the time of these convictions said, robbery or attempt to rob with a dangerous or deadly weapon or accessory thereto. So it just says with it. Case law has concluded that has, well, I don't know if this is where the course went, but case law has made it clear that it requires use of the weapon, not just having a weapon, which is one thing that may set it apart from D.C.'s statute. So we're supposed to look at the case law and not just what the statute says? Yes, that's what the court tells us to do. Okay. And so the case law says that it means it has to be used, but it doesn't say that it has to be used against a person, right? Well, the definition of robbery itself is that the person be put in fear, either be harmed or be put in fear of bodily harm. I don't know. Judge Wilkins' hypothetical sounded pretty real to me. I would have thrown my wallet out immediately. I would have too, but I just think you would have also thrown it out if a person came at you. I'm not clear whether that's extortion. That's a difficult question in itself. Your argument is if it's not armed robbery, it necessarily falls in extortion. I'm not sure that's correct. How do you define the consent part of extortion? I realize that this isn't binding, but I think it's instructive for the court to look at Judge Bates' opinion and more, because he did analyze this, and I think he analyzed it well. Of course, he's post-apprentice. Yes, but, well, that's an interesting point I wouldn't mind addressing, because apprentice is a constitutional law that provides, that reinforces the basic constitutional principles that we did learn in law school and that have been in existence long before apprentice. But the point is apprentice saying this is— No, that's not so clear because, after all, the Supreme Court had rejected that notion again and again and again until Justice Scalia finally got five votes. Well, I guess where I'm going is that the apprentice decision, if it states a constitutional concept that has to be applied, and there's every reason to believe— and if Maryland happened to wrongly apply it, first of all, we don't have any evidence of that, that Maryland wrongly applied it and didn't follow what's constitutional. But if you look at the cases, Mathis, every case that's been decided, I didn't go back and compare exactly when the priors occurred in relation to apprentice. But in one of them, there were three priors. It's not from the Supreme Court, but from a recent circuit case. There were three priors from 35 years ago. Clearly, that's before apprentice, and those were analyzed in the same way. So I don't think that apprentice should be, and that whole concept should be, and can be completely ignored. Certainly, an appellant's defense wants to take advantage of it all the time, and I don't think it's right to say, if we can posit a way in which it was unconstitutional a long time ago, even though there's no indication that that happened here, then you can not count the crime. I mean, just as an overall thing, it's important, I think, to not be engaging in too many fanciful notions of how these statutes could apply. You could come up with an explanation for why nothing counts. No murders, no murders with guns. The act of pulling a trigger is just as indirect, you might say, as the act of putting poison in someone's drink. So the fact that the court specifically said the application of the categorical approach, which asks you to look at the least amount of crime that could be committed under a statute, is not an invitation for the application of legal imagination. So I think we have to be careful about that, and I urge you to affirm the sentence in the judgment below. Thank you. Ms. Frye, we'll give you two minutes. On the plain error topic, I do want to say that in Brody, we argued that it was forfeited and the government agreed. But really, Brody was different because the issue there was to camps, and the issue was out there and could have been raised and was not, and this is very different. So I want to say that. And even if plain error does apply, the error doesn't have to be an erroneous sentence. The error has to be a legal error that harmed the defendant and within the meaning of Sero, which is very generous, and we get the presumption under Mouling, the benefit of a presumption which can help us get over any burden we have, that the judge applied the law correctly. And in that case, he would not have applied the force, certainly because if it is ambiguous. And one more thing I would like to say about the ambiguity is that Justice Kagan said in Mathis that this is not supposed to be hard. This is not hard. It won't be hard to look at state law. And I feel like I'm pointing to very clear case law and that if this kind of ambiguity isn't enough, then I feel like we must be doing it wrong, honestly, because Mathis says it shouldn't be hard. I understand that there's a lot of times that a state won't even have law. That's hard. We have law. If this case isn't an easy case, then Mathis just isn't going to work. Nobody could ever win under it. Yeah, it depends on which way it's hard because it's also one way it could be easy is that every ambiguity. In other words, the ambiguity has to cut in somebody's favor, and it could be easy to cut the ambiguity in either person's favor and get out of the inquiry fairly straightforwardly, but the question is. If this were back in front of the district court, he couldn't apply this. I would ask the court to vacate the sentence and remand for resentencing to a sentence of no more than 10 years. Thank you. Thank you, counsel. The case is submitted.
judges: Srinivasan, Wilkins, Silberman